IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FELICIA WASHINGTON on behalf )
of M.S.W., a minor, )
 )
      Plaintiff, )
 )
v. ) No. CIV-09-437-FHS-KEW
 )
MICHAEL ASTRUE, Commissioner )
Social Security Administration )
 )
      Defendant. )

**OPINION AND ORDER**

    Plaintiff's counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 26) on January 11, 2012. Judgment was entered in favor of Plaintiff on March 1, 2011, remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner found in favor of Plaintiff and determined Plaintiff, on behalf of M.S.W., a minor, was entitled to Supplemental Security Income (SSI) benefits between January 2007 and November 2011. On January 10, 2012, a Notice of Award was issued in favor of Plaintiff with an award of back benefits in the amount of $30,634.30.

    Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such

1

fees well after the expiration of the fourteen-day period.  Id. at 505.  The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits."  Id.  The Court finds it appropriate to authorize Plaintiff's counsel to file her § 406(b)(1) motion for attorney fees following the receipt of the January 10, 2012, Notice of Award containing the calculation of past-due benefits.  The "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Plaintiff's counsel is entitled to file her motion within a reasonable time of the Notice of Award.  Counsel's motion filed on January 11, 2012 - one day from the January 10, 2012, issuance of the Notice of Award - is therefore timely.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $7,658.57 for counsel's representation of Plaintiff before the Court.  Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b).  Neither the Commissioner nor the Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $7,658.57.  The Commissioner has filed an informative response on the various points of law to be considered, but does not challenge the reasonableness of the requested fee.  Plaintiff has not filed any response or objection.  The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and

concludes counsel's motion is timely and that the requested attorney fee amount of $7,658.57 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002). The Court declines the Commissioner's invitation to consider any fee request for administrative work under 42 U.S.C. § 406(a) in its assessment of a reasonable section 406(b) award. Wren v. Astrue, 525 F.3d 931, 937 (10th Cir. 2008)("the 25% limitation of fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner").

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 26) is granted in the amount of $7,658.57. Pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff the smaller amount of fees ($4,172.70) previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). This refund is for the full EAJA amount, without any withholding, offset, or deduction.

It is so ordered this 7th day of February, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma